Martin F. Casey (MFC -1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ZF TRADING NORTH AMERICA, INC.

    Plaintiff,

   - against -

M/V SUMIDA, her engines, boilers, tackle, etc.;
GLOBAL OCEAN AGENCY LINES LLC;
MTO MARITIME; and HOKOKU MARINE

    Defendants.
-----------------------------------------------------------X

08 Civ.

**COMPLAINT**



JUDGE MARRERO

08 CV 1893

FEB 26 2008
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, ZF TRADING NORTH AMERICA, INC., is a corporation with a place of business located at 3637 Mallard Run, Sheffield Village, Ohio 44054, and was the consignee of certain of the cargo to be laden on board the M/V SUMIDA, as more fully described below.

    3.    Defendant, GLOBAL OCEAN AGENCY LINES LLC. (hereinafter "GOAL"), is a corporation with a place of business located at 258 Fawn Drive, Sedona, AZ 86336, was and still is doing business in this jurisdiction directly and/or through an agent and was acting at all times as a non-vessel owning common carrier in the maritime industry.

4. Defendant, MTO MARINE, is a corporation or other business entity with a place of business located at 1-15 Minato-machi 1-chome, Tsukumi, Oita Pref., Japan, and is the owner, manager, charterer, and/or operator of the M/V SUMIDA.

5. Defendant, HOKOKU MARINE, is a corporation or other business entity with a place of business located at 1-15 Minato-machi 1-chome, Tsukumi, Oita Pref., Japan, and is the owner, manager, charterer, and/or operator of the M/V SUMIDA.

6. At all material times, the M/V SUMIDA was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7. At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V SUMIDA, as common carriers of merchandise by water for hire.

8. Plaintiff was the receiver, consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

9. On or about February 22, 2007, a consignment consisting of 30 cartons automotive parts, laden into container TOLU 3123654, then being in good order and condition, was delivered to defendants and the M/V SUMIDA at the port of Santos, Brazil, for transportation to Cleveland, Ohio via New York, New York, in consideration of an agreed freight pursuant to GOAL bill of lading number SKSSZ4706, dated February 22, 2007.

10. Thereafter, the aforementioned consignment was loaded aboard the M/V SUMIDA, GOAL bill of lading SKSSZ4706 was issued, and the vessel for the intended port of destination.

11. When the consignment arrived at its intended destination, Cleveland, Ohio on or about April 9, 2007, certain of the aforementioned consignment was found to have sustained wetting damage due to the existence of holes in the container roof.

12. Defendants failed to deliver the said consignment to the designated receiver at the place of destination in the same good order and condition as when received by them in Santos, Brazil.

13. The damage to the aforementioned consignment did not result from any act or omission on the part of plaintiff, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant GOAL and / or the unseaworthiness of the vessel SUMIDA resulting from the failure of defendants to exercise due diligence to make the vessel and its appurtenances seaworthy prior to the commencement of the ocean voyage.

14. By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $35,534.35, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $35,534.35, with interest thereon and costs, the sum sued for in this Complaint.

3. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
February 25, 2008
299-363

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225